FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 5 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAROLYN JANE SIINO,

                              Plaintiff,

-against-

CROWN HOUSE REALTY CO., LLC,
LEEMAR MANAGEMENT CORPORATION;
and CITY OF NEW YORK,

                              Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
12-CV-1905 (MKB) (VVP)

BRODIE, United States District Judge:

On April 17, 2012, plaintiff Carolyn Jane Siino, appearing *pro se*, filed this action against defendants pursuant to 42 U.S.C. § 1983 and state laws. Plaintiff seeks damages and injunctive relief, and permission to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint as set forth below.

## Background

Plaintiff's complaint consists of claims related to her "Queens rent-stabilized studio apartment" that she has occupied since August 31, 2000. Compl. at 1. Specifically, plaintiff alleges that fumes emanating from the laundry and boiler rooms and exposure to carbon monoxide have caused her physical and emotional harm. *Id.* at 1-10. Plaintiff also alleges that her stove needs repair and that she needs a new smoke detector. *Id.* at 11-12. According to plaintiff, she has sued defendants in housing court and also filed numerous complaints with several city agencies. *See generally*, Compl. In addition, plaintiff alleges that the City of New York is liable under 42 U.S.C. § 1983 because she "suffered a liberty violation" and a due process violation when city inspectors failed to find violations in her apartment and the housing court denied her motion. *Id.* at 16.

## Discussion

A. Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B. Subject Matter Jurisdiction

Furthermore, "[f]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

C. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation omitted).

The complaint is based almost entirely on plaintiff's landlord-tenant claims concerning the use and enjoyment of her apartment. It is clear, however, that "[f]ederal courts do not have subject-matter jurisdiction over landlord-tenant matters." *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases); *see also Senior v. University Towers Assoc.*, No. 08-CV-387 (ENV), 2008 WL 649713, at *3 (E.D.N.Y. Mar. 10, 2008) (citing cases). Although plaintiff alleges that she was subjected to "disability discrimination" she does not provide facts to support this conclusion. "A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, plaintiff's discrimination claim is based on defendants' failure to make repairs to her stove and adjustments to the building's pipes; there is nothing to suggest that defendants discriminated against plaintiff in violation of any federal statute. Even according the complaint the most liberal reading, the complaint against defendants Crown House Realty Co. LLC and Leemar Management Corporation are dismissed because the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Insofar as plaintiff sues the City of New York pursuant to 42 U.S.C. § 1983, that claim also fails. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (citing *Monell v. Dep't of Social Servs of City of New York.*, 436 U.S. 658, 692 (1978)); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). An official policy may be a formal written policy or "deliberate indifference" in the face of "a pattern of misconduct." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007). Even when liberally construed, the complaint cannot reasonably be interpreted as alleging facts sufficient to infer that New York City has any pattern, policy, or custom of violating plaintiff's rights. Instead, plaintiff merely alleges that she has been dissatisfied with the inspections of her apartment conducted by city employees in response to her complaints and calls. These allegations do not support a § 1983 claim against the City of New York and therefore, the claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendants Crown House Realty Co., LLC and Leemar Management Corporation for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and against the City of New York for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), as set forth above. Any state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
MARGO K. BRODIE
United States District Judge

Dated: April 25, 2012
      Brooklyn, New York